UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

    Plaintiff,

v.

INGER MEYER, et al.,

    Defendants.

_____/

Case No. 16-cv-14194

HON. MARK A. GOLDSMITH

**OPINION AND ORDER**
**DENYING MOTION FOR SUSPENSION OF FEES AND COSTS**
**AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Roosevelt Lashawn Williams has filed a pro se civil rights complaint under 42 U.S.C. § 1985 and a motion for suspension of fees and costs. See 28 U.S.C. § 1915(a)(1). The exact nature of Williams's claims is difficult to decipher, because the complaint is confused and rambling. Williams appears to allege that Defendants' failed to comply with Michigan Court Rules in the handling of papers he filed in state court and that Defendants conspired to thwart Williams's attempts to access the courts. Williams has filed at least three prior civil rights complaints, which have been dismissed as frivolous or for failure to state a claim. The Court shall dismiss the pending complaint pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding in forma pauperis in a civil action under certain circumstances. The PLRA states, in relevant part:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed in forma pauperis, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g); Edwards v. Gaul, 40 F. App'x 970, 971 (6th Cir. 2002) (holding that district court properly dismissed without prejudice a prisoner's civil rights complaint barred by the "three strikes" provision).

Williams has filed three prior civil rights complaints, which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See Williams v. Caruso, No. 08-cv-0036 (W.D. Mich. Aug. 12, 2008); Williams v. Mumma, No. 08-cv-00043 (W.D. Mich. June 23, 2008); Williams v. Winnicki, No. 2:08-cv-00069 (W.D. Mich. June 19, 2008).  In addition, Plaintiff also has received notice that he is a three-striker, having had several cases dismissed under 28 U.S.C. § 1915(g).  See Williams v. Switalski, et al., No. 12-cv-15547 (E.D. Mich. Mar. 4, 2013); Williams v. Michigan, et al., No. 10-cv-12264 (E.D. Mich. June 17, 2010); Williams v. Hotckiss, et al., No. 08-13959 (E.D. Mich. Oct. 22, 2008).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to

file his complaint and proceed in forma pauperis. <u>Vandiver v. Vasbinder</u>, 416 F. App'x 561 (6th Cir. 2011). Williams's complaint challenges Defendants' handling of his state-court pleadings and alleges a violation of his right of access to the courts. However, Williams fails to allege any facts to establish that the claimed violations place him in imminent danger of physical injury. <u>Mulazim v. Mich. Dep't of Corr.</u>, 28 F. App'x 470, 472 (6th Cir. 2002). The complaint does not fall within the statutory exception to the three strikes rule and Williams may not proceed with this action in forma pauperis.

Accordingly, the Court denies Williams's application for leave to proceed without prepayment of the filing fee and dismisses the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Williams filing a new complaint with payment of the filing fee. The Court further finds that if Williams elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal, because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: December 19, 2016      s/Mark A. Goldsmith  
   Detroit, Michigan      MARK A. GOLDSMITH  
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2016.

    s/Karri Sandusky  
    Case Manager